FILED

2008 JUL -1  PM 2:02

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO B. CRUZ, Jr.,<br><br>Plaintiff,<br><br>vs.<br><br>WMC MORTGAGE CORP.; LITTON LOAN SERVICING; HOMEQ SERVICING; TD SERVICE COMPANY; and DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Defendants. | Civil No.   08cv1157-BEN (NLS)<br><br>**ORDER DENYING MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER AS MOOT** |

**ORDER**

On June 30, 2008, Plaintiff Leonardo B. Cruz, Jr., proceeding *pro se*, filed a lawsuit against Defendants WMC Mortgage Corp., Litton Loan Services, HomEq Servicing, TD Service Company, and Deutsche Bank National Trust Co. ("Defendants") for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. Along with his Verified Complaint, Plaintiff filed a Motion for an Ex Parte

Temporary Restraining Order ("TRO Motion") to enjoin Defendants from selling Plaintiff's residence at a foreclosure sale scheduled for June 12, 2008.[1]

The Federal Rules of Civil Procedure outline the procedures the Court must follow when deciding whether to grant a TRO. *See* Fed. R. Civ. P. 65. Ordinarily before issuing a TRO, the Court must hold a hearing. In rare circumstances, a TRO may be issued without notice to the adverse party. *Id.* Because the policy in favor of giving notice is so strong, a TRO without notice may issue only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.*

The standard for granting a TRO is the same as the standard for entering a preliminary injunction. *Bronco Wine Co. v. U.S. Dep't of Treasury*, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996). The Court must analyze the following criteria for determining whether to grant a TRO:

> (1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief. The moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits . . . . [T]he required degree of irreparable harm increases as the probability of success decreases.

*Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.*, 367 F.3d 1108, 1111 (9th Cir. 2004) (quoting *Miller ex rel. N.L.R.B. v. Cal. Pac. Med. Ctr.*, 19 F.3d 449, 456 (9th Cir. 1994)). A TRO "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974).

---

[1] Plaintiff's TRO Motion reflects a discrepancy with regard to the foreclosure date. Page 1 of the Motion alleges that the foreclosure sale is scheduled for June 12, 2008. Page 3 states, however, that the foreclosure sale is scheduled for May 29, 2008. Plaintiff has not provided the Court with a Notice of Foreclosure, which would enable the Court to ascertain the correct date. In adjudicating this Motion, the Court will, therefore, accept the later date as correct.

1

2   Here, Plaintiff seeks to enjoin the foreclosure sale scheduled for June 12, 2008. However,

3 Plaintiff did not file his Complaint and the TRO Motion until June 30, 2008. *See* Doc. No. 1. Because

4 Plaintiff's TRO Motion was filed after the foreclosure sale, it is DENIED as moot.[2]

5   **IT IS SO ORDERED**

6  DATED: 7/01/08

7

8                                                                 _____
                                                                  Hon. Roger T. Benitez
9                                                                 U.S. District Judge

10

---

[2] Furthermore, Plaintiff is seeking to rescind the contract with Defendants and to terminate Defendants' interest in the property. But the right of rescission terminates when the mortgaged property is sold at a foreclosure sale. 15 U.S.C. § 1635(f); *Worthy v. World Wide Fin. Serv., Inc.*, 347 F. Supp. 2d 502, 506 (E.D. Mich. 2004). Moreover, the Court interprets the statement in the Complaint that Plaintiff "is unable to provide a bond of any kind or type," to mean that Plaintiff is likewise unable to repay the loan amount to Defendants. Repayment of the loan amount, however, would be required if the Court ordered rescission. *See* 15 U.S.C. § 1635(b).