1  Ronald D. Roup, Esq. (94495) ron@rouplaw.com
   Brad M. Simon, Esq. (244369) brad@rouplaw.com
2  **ROUP & ASSOCIATES, A LAW CORPORATION**
   23101 Lake Center Drive, Suite 310
3  Lake Forest, California 92630
   (949) 472-2377; (949) 472-2317 (*fax*)
4

5  Attorneys for Defendant,
   LITTON LOAN SERVICING LP
6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

| 11 | LEONARDO B. CRUZ, JR., | ) | **Case No. 08CV1157 BEN NLS** |
|---|---|---|---|
| 12 | | ) | *Assigned for all purposes to:* |
| | Plaintiff, | ) | *Judge Roger T. Benitez, Courtroom 3* |
| 13 | | ) | |
| | | ) | **DEFENDANT'S MOTION TO DISMISS** |
| 14 | v. | ) | **COMPLAINT FOR FAILURE TO** |
| | | ) | **STATE A CLAIM UPON WHICH** |
| 15 | | ) | **RELIEF CAN BE GRANTED (F.R.C.P.** |
| | WMC MORTGAGE CORP., LITTON LOAN | ) | **12(b)(6)); MEMORANDUM OF POINTS** |
| 16 | SERVICING, HOMEQ SERVICING, TD SERVICE | ) | **AND AUTHORITIES IN SUPPORT** |
| | COMPANY AND DEUTSCHE BANK NATIONAL | ) | **THEREOF** |
| 17 | TRUST COMPANY, | ) | |
| | | ) | *[Defendant's Notice of Motion; and Request* |
| 18 | | ) | *for Judicial Notice filed concurrently* |
| | Defendants. | ) | *herewith]* |
| 19 | | ) | |
| | | ) | Motion to Dismiss: |
| 20 | | ) | Date:   August 25, 2008 |
| | | ) | Time:   10:30 a.m. |
| 21 | | ) | Courtroom: 3 |
| | | ) | |
| 22 | _____ | ) | *Action filed: June 30, 2008* |

23

24                  **Memorandum of Points and Authorities**

25         Pursuant to *Federal Rule of Civil Procedure* 12(b)(6), Defendant, Litton Loan Servicing LP

26  ("Litton"), submits the following memorandum of points and authorities in support of its motion for an

27  order dismissing the Complaint for failure state any claim upon which relief may be granted.

28  / / /

**Introduction**

Facing foreclosure, plaintiff Leonardo B. Cruz, Jr. ("Plaintiff") brings an action before this Court in an attempt to rescind a deed of trust based upon phantom violations of the Truth in Lending Act ("TILA") while not disputing the substantial payment defaults which led to said foreclosure. All of his causes of action are precluded, *inter alia*, because the subject foreclosure sale has already occurred, and therefore rescission of a deed of trust for violations of TILA is no longer applicable, and because a demand for rescission is inappropriate against a Litton, a loan servicer and non-holder of the beneficial interests of the subject deed of trust.

**Statement of the Facts**

This statement of facts will set out the exact capacity of each of the named defendants with respect to the subject mortgage loan.

- Defendant WMC Mortgage Corp. ("WMC Mortgage") was the original lender.
- Defendant Litton Loan Servicing LP ("Litton") at one point was the servicer of the subject mortgage loan.
- Defendant HomEq Servicing ("HomEq") is the current servicer of the subject mortgage loan.
- Defendant TD Service Company ("TD Service") is the current trustee of record handling the foreclosure of the subject mortgage loan.
- Defendant Deutsche Bank National Trust Company is the current holder of the beneficial interest of the subject mortgage loan, and the only party to whom a cause of action for rescission can be appropriate.

On August 29, 2006, Plaintiff Leonardo B. Cruz, Jr. ("Plaintiff") executed a promissory note, promising to repay a total of $360,000.00 to WMC Mortgage (hereinafter the "Promissory Note"). The Promissory Note was secured by a deed of trust on the Subject Property, with said **Deed of Trust** executed by Plaintiff on August 29, 2006, which was subsequently recorded on September 8, 2006, as Document No. 2006-0641071 in the San Diego County Recorder's Office (the "Deed of Trust"), which is attached to Litton's Request for Judicial Notice ("RJN") as **Exhibit "A"** and incorporated herein by this reference. The Deed of Trust and the Note are referred to herein as the "Subject Mortgage."

1    Litton was, but is no longer, the servicer of the Subject Mortgage.

2    Thereafter, the Subject Mortgage was assigned to Deutsche Bank National Trust Company, as trustee under pooling and servicing agreement dated as of January 1, 2007 securitized asset backed receivables LLC Trust 2007-HE1 mortgage pass-through certificates, series 2007-HE1 ("Deutsche Bank").

On or about January 13, 2008, a substitution of trustee was executed by Deutsche Bank effectively substituting in T.D. Service Company (the "Substitution of Trustee"). The Substitution of Trustee was recorded on March 11, 2008, as Instrument No. 2008-0125620 in the official records of San Diego County. A true and correct copy of the **Substitution of Trustee** is attached to Litton's RJN as **Exhibit "B"** and incorporated herein by this reference.

On or about March 8, 2008, due to the payment defaults of Plaintiff of the terms of the promissory note and the Deed of Trust, Deutsche Bank proceeded with its lawful right to initiate foreclosure of the Subject Property to protect its interests. A Notice of Default and Election to Sell under Deed of Trust was recorded on March 11, 2008, as Instrument No. 2008-0125622 in the official records of San Diego County, declaring a default of $18,299.80 as of March 17, 2008 (hereinafter the "Notice of Default"). A true and correct copy of the **Notice of Default** is attached to Litton's RJN as **Exhibit "C"** and incorporated herein by this reference.

The Notice of Default lists Deutsche Bank as the current lender, and HomEq Servicing as the current loan servicer, and T.D. Service as the current trustee.

**Argument**

Facing foreclosure, plaintiff Leonardo B. Cruz, Jr. ("Plaintiff") brings an action before this Court in an attempt to rescind a deed of trust based upon phantom violations of the Truth in Lending Act ("TILA") while not disputing the substantial payment defaults which led to said foreclosure. All of his causes of action are precluded, *inter alia*, because the subject foreclosure sale has already occurred, and therefore rescission of a deed of trust for violations of TILA is no longer applicable, and because a demand for rescission is inappropriate against a Litton, a loan servicer and non-holder of the beneficial interests of the subject deed of trust.

Plaintiff's entire action must be dismissed with prejudice with respect to Defendant Litton,

3

08cv1157 BEN NLS

because Litton is not a proper party to the action. Litton cannot have a cause of action against it for rescission since it holds no interest in the deed of trust securing the Subject Property pursuant to Plaintiff's refinancing loan (Litton is the loan servicer, not the current beneficiary of the Deed of Trust).

Accordingly, Plaintiffs' Complaint must be dismissed for the following reasons:

**1.    This Motion to Dismiss for Failure to State a Claim is Proper to Challenge the Pleading Deficiencies in the Complaint.**

A claim must be supported by "a short and plain statement" with enough heft to"show that the pleader is entitled to relief." *Fed. R. Civ. Proc.* 8(a)(2). This Rule, is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). To withstand a motion to dismiss for failure to state a claim upon which relief may be granted, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. Bell Atlantic Corp. v. Twombly,127 S. Ct. 1955, 1965 (2007)[internal citations omitted].

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'ground' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 127 S. Ct. at 1964.
> [internal citations omitted]

Dismissal is proper under Rule 12(b)(6) if the facts alleged do not state a claim that is plausible on its face." 127 S. Ct. 1973, Balistreri v. Pacifica Police Dep't, 901 F. 2nd 696, 699 (9th Cir. 1990) . While all factual allegations are presumed true and reasonable inferences to be drawn in favor of the non-moving party, a court may consider matters subject to judicial notice in determining a motion to dismiss. Estate of Blue v. County of Los Angeles, 120 F. 3rd 982, 984 (9th Cir. 1997). Further, this deferential standard does not compel a court "to swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." Aulson v. Blanchard, 83 F. 3rd 1, 3 (1st Cir. 1996), *see* Western Mining Council v. Watt, 643 F. 2nd 618, 629-630 (9th Cir. 1980)(court construes statute independently of characterizations in complaint). In other words, dismissal is proper if a complaint is vague, conclusory, and fails to set forth any material facts in support of its allegations. North Star Int'l v. Arizona Corp. Comm'n, 720 F. 2nd 578, 583 (9th Cir. 1983). Also, a court may not "supply essential allegations of the claim that were not

1  initially pled." Ivey v. Board of Regents, 673 F. 2nd 266, 268 (9th Cir. 1982).

2      Additionally, a motion to dismiss may be based on matters subject to judicial notice; a court need
3  not accept as true allegations that contradict matters properly subject to judicial notice or exhibit. Sears,
4  Roebuck & Co. v. Metropolitan Engravers, Ltd., 245 F. 2nd 67, 70 (9th Cir. 1956).

5      Therefore, a motion to dismiss is proper.

6  **2.    Plaintiff has not stated a valid claim as against Litton, a loan servicer, for rescission.**

7      Plaintiff's cause of action is for rescission based upon the loan originator's violations of TILA.
8  However, Litton was merely the loan servicer of such a claim, and therefore the Complaint should be
9  dismissed with prejudice as against it.

10     These types of rescission claims are inappropriate if held against a loan servicer. Walker v
11 Gateway Fin. Corp. 286 F Supp 2d 965 (2003, ND Ill) (Court granted a loan servicer's motion to dismiss
12 individuals' claims that original loan documents they received violated Truth in Lending Act because
13 if any loan were to be rescinded, loan servicer would have ceased to have any collection or other
14 function in connection rescinded loan and as result, its presence in litigation was unnecessary).

15     In the same matter, plaintiffs' counsel attempted to impose statutory damages on the assignee
16 for failure of the assignee to rescind, to which the court found "that the imposition of any such damages
17 on an assignee would create an impermissible end run around the obvious congressional purpose that
18 underlies the Section 1641(a) enactment of a statutory equivalent to a bona fide purchaser rule." Walker
19 v. Gateway Fin. Corp., 286 F. Supp. 2d 965, 969 (D. Ill. 2003). Here, like in Walker, Plaintiff asserts
20 he are entitled to statutory damages and actual damages.

21     Defendant WMC Mortgage was the original lender. The current holder of the Subject Mortgage
22 is Deutsche Bank. The current loan servicer is HomEq. Litton, which serviced the loan prior to
23 HomeEq, has no interest in the Subject Mortgage.

24     Therefore, Plaintiff has not stated a valid claim for rescission as against Litton. Additionally,
25 Plaintiff should not be entitled to statutory damages or actual damages for failure of Litton to rescind.

26 **3.    Pursuant to the Complaint, the foreclosure sale has already occurred, which precludes a**
27     **cause of action for rescission under TILA.**

28     Plaintiff is seeking to rescind the Subject Mortgage under TILA. However, the right to rescission

terminates when the mortgage property is sold at foreclosure sale. 15 U.S.C. § 1635(f); Hallas v. Ameriquest Mortg. Co., D.Or. 2005, 406 F.Supp.2d 1176; Worthy v. World Wide Fin. Serv., Inc., 347 F.Supp.2d 502, 506 (E.D. Mich. 2004).

In his Motion for Ex Parte Temporary Restraining Order, Plaintiff alleges that the Subject Property is to be sold at foreclosure sale on June 12, 2008. Plaintiff did not file the Complaint and Motion for Ex Parte relief until June 30, 2008.

Therefore, as the date alleged for the foreclosure sale has already passed, Plaintiff cannot maintain an action for rescission under TILA.

**4.     Plaintiff's claims for damages under TILA are barred by the statute of limitations.**

In paragraph 26 of his Complaint, Plaintiff states that "Defendants are liable to Plaintiff for ... g. Actual damages in an account [sic] to be determined at trial."

While the Plaintiff may be able to request the remedy of rescission within three years, claims for damages under TILA are barred by the applicable statute of limitations, which provides that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, **within one year from the date of the occurrence of the violation**. 15 U.S.C. § 1640(e) (emphasis added).

An appropriate analysis of the statute of limitations is discussed in Wachtel v. West, 476 F.2d 1062 (CA 6, 1973). In Wachtel, the court stated that a credit transaction which requires disclosures under TILA is completed when the lender and borrower contract for the extension of credit. The disclosures must be made sometime before this event occurs. If the disclosures are not made, this violation of TILA occurs, at the latest, when the parties perform their contract. Id. The one-year statute of limitations begins to run upon execution of the contract. Meyer v Ameriquest Mortg. Co. (2003, CA9 Cal) 342 F3d 899. Lawson v. Conyers Chrysler, Plymouth, & Dodge Trucks, Inc., 600 F.2d 465, 466 (5th Cir. 1979). Betancourt v Countrywide Home Loans, Inc. (2004, DC Colo) 344 F Supp 2d 1253. Kamara v Michael Funding, LLC (2005, DC Del) 379 F Supp 2d 631.

Moreover, TILA violations that are subject to one year statute of limitations, 15 U.S.C. § 1640(e), cannot be overcome merely by linking them to a rescission claim. Jenkins v Mercantile Mortg. Co. (2002, ND Ill) 231 F Supp 2d 737.

In the Complaint, Plaintiff admits that he executed the transaction on or about August 29, 2006. See, e.g., Complaint at ¶ 11. The Complaint was filed on June 30, 2008, which is close to two (2) years after any alleged violation of TILA and well outside the one-year statute of limitations.

Therefore, Plaintiff's allegations that Litton in violation of TILA and accountable for statutory and/or actual damages are barred by the applicable statute of limitations.

**5.    The Subject Property is not Plaintiff's principal dwelling, which further defeats all causes of action in the Complaint.**

Plaintiff is not entitled to relief under TILA because the protections and remedies afforded under said statute are only available to consumer loans secured by real property located at the consumer's principal dwelling.

Under TILA, rescission is only available to the consumer if the subject loan was secured by the consumer's principal dwelling. 15 U.S.C. § 1635; Koons Buick Pontiac GMC, Inc. v. Nigh 543 U.S. 50, 62, 125 S.Ct. 460, 468 (U.S. 2004). An April 7, 2008, decision by a District Court in California analyzed these very issues and denied plaintiff's application for a preliminary injunction, as the property was not his principal dwelling. Moore v. Chase Bank 2008 WL 961161, 4 (N.D.Cal.) (N.D.Cal.,2008).

On April 7, 2008, Plaintiff filed a Voluntary Petition, No. 08-02799-M-13, in the United States Bankruptcy Court, Southern District of California (the "BK Petition"). A true and correct copy of the first three pages of the **BK Petition** is attached to Litton's RJN as **Exhibit D** and incorporated herein by this reference.[1]

On the BK Petition, which was executed by Plaintiff under penalty of perjury, Plaintiff states that his street address is 5055 Collwood Blvd., Unit 216, San Diego, CA 92115. Plaintiff further states that his mailing address is 1462 Santa Sierra Drive, Chula Vista, CA 91913. The address of the Subject Property, which acts as security for the Deed of Trust that Plaintiff wishes to rescind is 2541 Calle Tres Lomas, San Diego, California 92139.

Therefore, since the Subject Property is not the principal dwelling of the Plaintiff, he cannot

---

[1] On April 15, 2008, that Court dismissed Plaintiff's bankruptcy action, a true and correct copy of the **order** is attached to Litton's RJN as **Exhibit "E"** and incorporated herein by this reference.

maintain a cause of action under TILA, and cannot request a remedy or rescission.

**6.    Plaintiff has shown no ability to tender, which is required to maintain an action for rescission.**

Before ordering rescission of a mortgage loan based upon mortgagee's alleged TILA violations, the District Court could require that mortgagors provide proof of their ability to repay loan proceeds, less interest and finance charges, if rescission of the loan were granted. 15 U.S.C. § 1635. Yamamoto v. Bank of New York, C.A.9 (Hawai'i) 2003, 329 F.3d 1167, certiorari denied 124 S.Ct. 1146, 540 U.S. 1149, 157 L.Ed.2d 1042.

No where in his Complaint does Plaintiff even allude to an current ability to tender anything due the current beneficial holder of the mortgage if rescission was granted. Plaintiff's ability is dubious to say the least, considering he has not been making payments on the mortgage (as evidenced in the Notice of Default) and his recent bankruptcy filing. Furthermore, in paragraph 4 of Plaintiff's Motion for Ex Parte Temporary Restraining Order, Plaintiff states that he is "unable to provide a bond of any kind or type."

Therefore, Plaintiff cannot maintain an action for rescission.

### Conclusion

For each of the foregoing reasons, the Defendant Litton Loan Servicing respectfully prays this Court grant this motion to dismiss Plaintiff's Complaint.

Dated: July 21, 2008                          Respectfully submitted,

ROUP & ASSOCIATES, a Law Corporation


By: /s/ Ronald D. Roup
        Attorneys for Defendant,
        LITTON LOAN SERVICING LP