Lawrence J. Dreyfuss, Bar No. 76277
THE DREYFUSS FIRM
A Professional Law Corporation
7700 Irvine Center Drive, Suite 710
Irvine, California  92618
(949) 727-0977; Facsimile (949) 450-0668

Attorneys for Defendant T.D. Service Company

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO B. CRUZ, JR. | Case No.: 08 CV 1157 BEN NLS |
| Plaintiff, | |
| vs. | ANSWER TO COMPLAINT |
| WMC MORTGAGE CORP., LITTON LOAN SERVICING, HOMEQ SERVICING, TD SERVICE COMPANY AND DEUTSCH BANK NATIONAL TRUST COMPANY, | |
| Defendant | |

Defendant T. D. Service Company ("Answering Defendant"), for itself alone, answers plaintiff's complaint as follows:

## ANSWER TO PRELIMINARY STATEMENT

1. Answering Defendant denies the allegations contained within paragraph 1 of the complaint.

## ANSWER TO JURISDICTIONAL ALLEGATIONS

2. Answering Defendant lacks sufficient information and belief upon which to respond to the allegations contained within paragraph 2, and therefore denies those allegations.

## ANSWER TO ALLEGATIONS CONCERNING PARTIES

3. Answering Defendant lacks sufficient information and belief upon which to respond to the allegations contained within paragraph 3, 4, 5, 6, and 8, and therefore denies those allegations.

4. Answering paragraph 7, Answering Defendant denies that it is in the business of the servicing of mortgage loans. Answering Defendant admits that it does business in San Diego County, California.

5. Answering Defendant denies the allegations contained within paragraphs 9 and 10 to the extent that they are asserted against Answering Defendant. As to the other defendants, Answering Defendant lacks sufficient information and belief upon which to respond to these paragraphs, and therefore denies them.

## ANSWER TO FACTUAL ALLEGATIONS

6. Answering Defendant lacks sufficient information and belief upon which to respond to the allegations contained within paragraphs 11, 12, 13, 14 and 15, and therefore denies those allegations.

## ANSWER TO FIRST CAUSE OF ACTION

7. Answering Defendant lacks sufficient information and belief upon which to respond to the allegations contained within paragraph 16, and therefore denies them.

8. To the extent that they are asserted against Answering Defendant, Answering Defendant denies the allegations contained within paragraphs 17, 18,

19, 20, 21, 22, 23, 24, and 25. To the extent that these allegations are asserted against defendants other than Answering Defendant, Answering Defendant lacks sufficient information and belief upon which to respond to those allegations, and therefore denies them.

### First Affirmative Defense

9. Answering Defendant is informed and believes, and thereon alleges, that the complaint fails to state a cause of action against Answering Defendant.

### Second Affirmative Defense

10. Answering Defendant is informed and believes, and thereon alleges, that plaintiff has waived, or is estopped from asserting, the allegations set forth in the complaint.

### Third Affirmative Defense

11. At no time did Answering Defendant receive any money, security, or other consideration from plaintiff in relation to the subject loan, and there is therefore nothing for Answering Defendant to return and nothing for plaintiff or Answering Defendant to rescind in relation to the subject note and deed of trust.

### Fourth Affirmative Defense

12. Answering Defendant is merely the substituted foreclosure trustee, and was never the lender or otherwise involved in the loan transaction. It is therefore not subject to Truth and Lending requirements or Regulation Z in relation to this transaction.

### Fifth Affirmative Defense

13. At no time has Answering Defendant ever been the lender or otherwise a party to the underlying loan transaction, and it therefore never had any obligation to issue a Notice of Right to Cancel to plaintiff in relation to this transaction.

### Sixth Affirmative Defense

14. Answering Defendant is merely the substituted foreclosure trustee, and was never the holder or assignee of the note or deed of trust which are the subject of this action.

### Seventh Affirmative Defense

15. At no time was Answering Defendant ever entitled to, nor did it, collect payments from or on behalf of plaintiff owing on the subject note.

### Eighth Affirmative Defense

16. At no time did Answering Defendant ever charge or receive any loan fees including but not limited to broker's fees, credit reporting fees, recording fees for the underlying loan and deed of trust, or settlement or closing fees for the loan, and was therefore never obligated to provide any such information to plaintiff.

### Ninth Affirmative Defense

17. At no time has Answering Defendant ever charged or received any finance charges for the loan that is the subject of this action.

### Tenth Affirmative Defense

18. At no time has Answering Defendant ever estimated or calculated an APR for the loan that is the subject of this action.

### Eleventh Affirmative Defense

19. Answering Defendant is informed and believes, and thereon alleges, that plaintiff has not returned the money borrowed in the underlying transaction, and therefore lacks standing to pursue this action.

WHEREFORE, Answering Defendant prays judgment as follows:

1. That plaintiff take nothing by this action as against Answering Defendant;
2. For costs of suit herein incurred including reasonable attorneys' fees if authorized by law or contract;

3. For such other and further relief as the court deems just and proper.

DATED: July 22, 2008

THE DREYFUSS FIRM
A Professional Law Corporation

By: LAWRENCE J. DREYFUSS
Attorneys for Defendant
T. D. Service Company

1040-2268

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF _____

I have read the foregoing _____
_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____,
_____
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____, at _____, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____          _____
Type or Print Name                                                Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the county of <u>ORANGE</u>_____, State of California.
I am over the age of 18 and not a party to the within action; my business address is: <u>7700 Irvine Center Drive, Ste. 710, Irvine, CA 92618</u>

On, <u>July 22, 2008</u> I served the foregoing document described as <u>Answer to Complaint</u>

_____
_____ on <u>the interested parties</u> _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☒ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

Leonardo B. Cruz, Jr.
2541 Calle Tres Lomas
San Diego, CA 92139

☒ **BY MAIL**

☐ *I deposited such envelope in the mail at _____, California. The envelope was mailed with postage thereon fully prepaid.

☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at <u>Irvine</u> California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____, at _____, California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at _____, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

<u>Roma Klein</u>_____          _____
Type or Print Name                                                Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus                                              Rev. 7/99