1  Mark V. Asdourian, Esq. (State Bar No. 123688)
   Attorney & Counsellor At Law
2  A Professional Corporation
   4695 MacArthur Court, Suite 1000
3  Newport Beach, California 92660
   Telephone: 949.221.0020
4  Facsimile: 949.221.0019
   E-Mail: mva-esq@pacbell.net
5
   Attorney for Defendants,
6  WMC Mortgage Corp. and
   Deutsche Bank National Trust Company
7

8  **UNITED STATES DISTRICT COURT**

9  **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | LEONARDO B. CRUZ, JR.,            ) CASE NO.  08CV1157 BEN NLS
                                      )
12 |           Plaintiff Pro Se       ) WMC MORTGAGE CORP.'S AND
                                      ) DEUTSCHE BANK NATIONAL TRUST
13 | vs.                              ) COMPANY'S NOTICE OF AND
                                      ) MOTION TO DISMISS
14 | WMC MORTGAGE CORP., LITTON       )
   | LOAN SERVICING, TD SERVICE       ) [F.R.C.P. 12(b)(6)]
15 | COMPANY AND DEUTSCHE BANK        )
   | NATIONAL TRUST COMPANY,          )    DATE: SEPTEMBER 8, 2008
16 |                                  )    TIME: 10:30AM
   |           Defendants.            ) PLACE: COURTROOM 3
17 |                                  )

18

19  TO EACH PARTY AND ATTORNEY OF RECORD:

20       **PLEASE BE ADVISED AND TAKE NOTICE THAT** on September 8, 2008, at

21  10:30AM, or as soon thereafter as counsel may be heard, in Courtroom 3 of the above

22  entitled court located at 880 Front Street, San Diego, California, the Honorable Roger T.

23  Benitez, United States District Judge presiding, Defendants WMC Mortgage Corp. and

24  Deutsche Bank National Trust Company will, and do hereby, move to dismiss the

25  Complaint filed by Leonardo B. Cruz, Jr. (the "Motion to Dismiss").  The Motion to Dismiss

26  is made by authority of Rule 12 of the Federal Rules of Civil Procedure, and the applicable

27  Local Rules of this Court.

28  / / /

MARK V. ASDOURIAN, ESQ.
Attorney & Counsellor At Law
A Professional Corporation
4695 MacArthur Court, Suite 300
Newport Beach, California 92660
Telephone: 949.221.0020
Facsimile: 949.221.0019

1    The Motion to Dismiss is made on the grounds that the first and only cause of action of the Complaint for the alleged violation of the Truth In Lending Act [15 U.S.C. §1601, *et seq.* ("TILA")] fails to state a claim upon which relief can be granted [F.R.C.P. 12(b)(6)] as Plaintiff's claims are barred by 15 U.S.C. §1640(e) and §1635(f). The Motion to Dismiss will be based upon this notice, the Memorandum of Points and Authorities contemporaneously filed herewith and upon such other evidence and argument as may be received by this Honorable Court at the hearing.

DATED: July 31, 2008          Mark V. Asdourian, Esq.
                                       Attorney & Counsellor At Law,
                                       A Professional Corporation

By: _____
     Mark V. Asdourian, Esq.
     Attorneys for Defendants,
     WMC Mortgage Corp. and
     Deutsche Bank National Trust Company

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Newport Beach, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is: Mark V. Asdourian, Attorney & Counselor At Law, A Professional Corporation, 4695 MacArthur Court, Suite 1000, Newport Beach, California, 92660.

On July 31, 2008, I served a copy of the document(s) named below on the parties interested in this action.

DOCUMENT(S) SERVED: **WMC MORTGAGE CORP.'S AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S NOTICE OF AND MOTION TO DISMISS**

[X]   By placing [ ] the original [X] a true and correct copy thereof in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U. S. Postal Service on that same day with First Class postage, thereon fully prepaid at **Newport Beach, California** in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY PERSONAL SERVICE:** I arranged to have DDS Legal Support Systems deliver said document by hand to the person(s) stated at the address listed above. An additional Proof of Service will be signed by the courier and filed at a later date.

[ ]   **BY FACSIMILE:** I transmitted a true and correct copy of the above-referenced document from a facsimile machine at Mark V. Asdourian, Attorney & Counselor At Law, A Professional Corporation whose facsimile number is (949) 221-0019 to the interested parties in this action at the facsimile number listed above. The above-described transmission(s) was/were reported as complete, without error, by a **COMMUNICATION JOURNAL** issued by the facsimile machine.

[ ]   **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   **FEDERAL:** I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on **July 31, 2008,** at Newport Beach, California.

_____
Mark V. Asdourian

**3**

**CASE NO.  08CV1157 BEN NLS**

## **SERVICE LIST**

| | |
|---|---|
| Leonardo B. Cruz, Jr.<br>2541 Calle Tres Lomas<br>San Diego, CA 92319 | Plaintiff In propria personna |
| Ronald D. Roup, Esq.<br>Roup & Associates, P.C.<br>23101 Lake Center Drive, Suite 310<br>Lake Forest, CA 92630 | Attorneys for Defendant,<br>Litton Loan Servicing, LP |
| Lawrence J. Dreyfuss, Esq.<br>The Dreyfus Firm<br>7700 Irvine Center Drive, Suite 710<br>Irvine, CA 92618 | Attorneys for Defendant,<br>T.D. Servicing Company |

MARK V. ASDOURIAN, ESQ.
Attorney & Counsellor At Law
A Professional Corporation
4695 MacArthur Court, Suite 300
Newport Beach, California 92660
Telephone: 949.221.0020
Facsimile: 949.221.0019

**4**

**CASE NO. 08CV1157 BEN NLS**

1  Mark V. Asdourian, Esq. (State Bar No. 123688)
   Attorney & Counsellor At Law
2  A Professional Corporation
   4695 MacArthur Court, Suite 1000
3  Newport Beach, California 92660
   Telephone: 949.221.0020
4  Facsimile: 949.221.0019
   E-Mail: mva-esq@pacbell.net
5
   Attorney for Defendants,
6  WMC Mortgage Corp. and
   Deutsche Bank National Trust Company
7

8              UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  LEONARDO B. CRUZ, JR.,              ) CASE NO.  08CV1157 BEN NLS
                                        )
12              Plaintiff Pro Se        ) MEMORANDUM OF POINTS
                                        ) AND AUTHORITIES IN SUPPORT
13  vs.                                 ) OF WMC MORTGAGE CORP.'S AND
                                        ) DEUTSCHE BANK NATIONAL TRUST
14  WMC MORTGAGE CORP., LITTON          ) COMPANY'S MOTION TO DISMISS
    LOAN SERVICING, TD SERVICE          )
15  COMPANY AND DEUTSCHE BANK           ) [F.R.C.P. 12(b)(6)]
    NATIONAL TRUST COMPANY,             )
16                                      )
                Defendants.             )   DATE: SEPTEMBER 8, 2008
17                                      )   TIME: 10:30AM
                                        )   PLACE: COURTROOM 3
18  

19

20      By authority of Rule 12(b)(6) of the Rules of Federal Procedure and in accordance

21  with Local Rule 7.1(f), Defendants, WMC Mortgage Corp. ("WMC") and Deutsche Bank

22  National Trust Company ("Deutsche Bank") hereby respectfully submit the following

23  memorandum of points and authorities in support of their joint motion to dismiss the

24  complaint filed by Plaintiff, Leonardo B. Cruz, Jr.

25  / / /

26

27

28

                                                                                    1
                                                    **CASE NO.  08CV1157 BEN NLS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      STATEMENT OF THE CASE.**

On the eve of foreclosure and several months after having filed bankruptcy, on June 30, 2008, Plaintiff filed the instant complaint (the "Complaint") accompanied by an ex parte application seeking to enjoin the foreclosure of that certain real property located at 2541 Calle Tres Lomas, San Diego, California (the "Property"). Both the Complaint's prayer for damages and Plaintiff's request for a provisional remedy are based upon the defendants' alleged violations of the Truth In Lending Act [15 U.S.C. §1601, *et. seq.* ("TILA")] in connection with a refinance of the Property.

Specifically, the verified Complaint alleges that on August 29, 2006, Plaintiff entered into a consumer credit transaction with WMC subject to TILA. Complaint, ¶ ¶11 and 16. The pleading then goes on to detail numerous violations of TILA including, *inter alia,* the failure to provide the notice of a right to rescind as well as the failure to disclose the finance charges or fees paid to brokers. Complaint, ¶¶19, 20 and 21. By reason of these alleged violations, Plaintiffs seeks to rescind the transaction and recover damages.

Contemporaneous with the filing of the Complaint, Plaintiff filed a "Motion for Ex Parte Temporary Restraining Order" seeking to enjoin the foreclosure of the Property which is alleged to have taken place on June 12, 2008 (the "Ex Parte Application"). No notice of or hearing date was scheduled for the Ex Parte Application. Given the fact that the Complaint and request for a provisional remedy were filed weeks after the date of the foreclosure, by order dated July 1, 2008, this Honorable Court denied as moot the Ex Parte Application. As will be seen, Plaintiff's Complaint fails to state a claim upon which relief may be granted as a matter of law. Accordingly, Defendants respectfully submit that the instant motion should be granted and the action dismissed with prejudice.

///

## II. A MOTION TO DISMISS MAY CHALLENGE A COMPLAINT BARRED BY THE STATUTE OF LIMITATIONS.

It is well established that when the running of a statute of limitations is apparent from the face of the complaint, the defense may be raised by a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Conerly v. Westinghouse Elec. Corp.*, 632 F.2d 117, 119 (9th Cir. 1980). Here, the verified Complaint together with the verified Ex Parte Application contain judicial admissions which indisputably establish that Plaintiff's claims are barred by the statute of limitations.

## III. THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS.

### A. The Request for Rescission Is Untimely.

Plaintiff's ability to rescind the refinance of the Property almost two years ago under TILA is governed by 15 U.S.C. §1635 which provides as follows:

> "(a) [I]n the case of any consumer credit transaction . . . in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescissions forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later . . ."

Plaintiff's rescission rights under §1635(a)[1] are nonetheless limited by the time restrictions set forth in §1635(f) which states as follows:

> "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, *whichever occurs first*, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . ." Emphasis added.

The verified Complaint alleges that Plaintiff entered into the loan transaction on August 29, 2006. The verified Ex Parte Application admits that the foreclosure sale for the Property was scheduled for June 12, 2008. Under these facts and by authority of §1635(f),

---

[1] Unless indicated otherwise, all statutory citations refer to Title 15 of the United States Code.

**3**

**CASE NO. 08CV1157 BEN NLS**

MARK V. ASDOURIAN, ESQ.
Attorney & Counsellor At Law
A Professional Corporation
4695 MacArthur Court, Suite 300
Newport Beach, California 92660
Telephone: 949.221.0020
Facsimile: 949.221.0019

1  Plaintiff's right of rescission expired on June 12, 2008, the date Plaintiff admits the Property
2  was sold. The Complaint, filed over two weeks later on June 30, 2008, is therefore untimely
3  as a matter of law.

4  **B.    The Cause of Action Seeking Damages for Violation of TILA Is Untimely.**

5  While Plaintiff is entitled to recover damages under §1640(a) in the event of a TILA
6  violation, this right is similarly limited by time restrictions. Specifically, §1640(e) defines
7  the time frame within which a claim for damages for TILA violations must be brought. The
8  statute provides, in relevant part, as follows:

9  " Any action under this section may be brought in any United States district
   court, or in any other court of competent jurisdiction, within one year from the date
10  of the occurrence of the violation . . ."

11  In determining when an "occurrence" has transpired thereby triggering the one
12  year statute of limitations mandated by §1640(e), the courts have determined that a credit
13  transaction requiring disclosures under TILA is concluded when the lender and borrower
14  enter into a contract for the extension of credit. Accordingly, the disclosures in connection
15  with such a transaction must be made a some point before the transaction is consummated.
16  If the disclosures are not made, the TILA violation occurs, at the latest, when the parties
17  perform the contract. The one year statute of limitation therefore commences upon the
18  execution of the contract. *Wachtel v. West*, 476 F.2d 1062 (6th Cir. 1973). See, also, *Meyer v.*
19  *Ameriquest Mortgage Co.*, 342 F.3d 899 (9th Cir. 2003).

20  In his verified Ex Parte Application, Plaintiff admits that he entered into the
21  consumer credit transaction with WMC on August 29, 2006. This is two months short of
22  two years before the Complaint was filed. By reason of this admission, the last date on
23  which Plaintiff could have filed a complaint for damages for violation of TILA was August
24  28, 2007. The Complaint, filed June 30, 2008 is indisputably untimely as a matter of law.
25  ///

MARK V. ASDOURIAN, ESQ.
Attorney & Counsellor At Law
A Professional Corporation
4695 MacArthur Court, Suite 300
Newport Beach, California 92660
Telephone: 949.221.0020
Facsimile: 949.221.0019

1  **IV.   CONCLUSION.**

2  For all of the foregoing reasons, the motion to dismiss should be granted.  In light
3  of the admissions made by Plaintiff in the verified Complaint and the Ex Parte Application,
4  Defendants respectfully submit that no amendment can cure this defect.  The Complaint
5  should therefore be dismissed with prejudice.

6  DATED: July 31, 2008                        Respectfully submitted,

7                                              Mark V. Asdourian, Esq.
                                               Attorney & Counsellor At Law,
8                                              A Professional Corporation

9

10

11

12                                             By: _____
                                               Mark V. Asdourian, Esq.
13                                             Attorneys for Defendants,
                                               WMC Mortgage Corp. and
14                                             Deutsche Bank National Trust Company

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARK V. ASDOURIAN, ESQ.
Attorney & Counsellor At Law
A Professional Corporation
4695 MacArthur Court, Suite 300
Newport Beach, California 92660
Telephone: 949.221.0020
Facsimile: 949.221.0019

5

**CASE NO.  08CV1157 BEN NLS**

MARK V. ASDOURIAN, ESQ.
Attorney & Counsellor At Law
A Professional Corporation
4695 MacArthur Court, Suite 300
Newport Beach, California 92660
Telephone: 949.221.0020
Facsimile: 949.221.0019

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Newport Beach, County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is: Mark V. Asdourian, Attorney & Counselor At Law, A Professional Corporation, 4695 MacArthur Court, Suite 1000, Newport Beach, California, 92660.

On July 31, 2008, I served a copy of the document(s) named below on the parties interested in this action.

DOCUMENT(S) SERVED:   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WMC MORTGAGE CORP.'S AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION TO DISMISS**

**[X]**   By placing [ ] the original [X] a true and correct copy thereof in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

**[X]**   **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U. S. Postal Service on that same day with First Class postage, thereon fully prepaid at **Newport Beach, California** in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ ]**   **BY PERSONAL SERVICE:**  I arranged to have DDS Legal Support Systems deliver said document by hand to the person(s) stated at the address listed above.  An additional Proof of Service will be signed by the courier and filed at a later date.

**[ ]**   **BY FACSIMILE:** I transmitted a true and correct copy of the above-referenced document from a facsimile machine at Mark V. Asdourian, Attorney & Counselor At Law, A Professional Corporation whose facsimile number is (949) 221-0019 to the interested parties in this action at the facsimile number listed above.  The above-described transmission(s) was/were reported as complete, without error, by a **COMMUNICATION JOURNAL** issued by the facsimile machine.

**[ ]**   **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[X]**   **FEDERAL:** I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I  am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on **July 31, 2008,** at Newport Beach, California.

_____
Mark V. Asdourian

**6**

**CASE NO.  08CV1157 BEN NLS**

**SERVICE LIST**

| | |
|---|---|
| Leonardo B. Cruz, Jr.<br>2541 Calle Tres Lomas<br>San Diego, CA 92319 | Plaintiff In propria personna |
| Ronald D. Roup, Esq.<br>Roup & Associates, P.C.<br>23101 Lake Center Drive, Suite 310<br>Lake Forest, CA 92630 | Attorneys for Defendant,<br>Litton Loan Servicing, LP |
| Lawrence J. Dreyfuss, Esq.<br>The Dreyfus Firm<br>7700 Irvine Center Drive, Suite 710<br>Irvine, CA 92618 | Attorneys for Defendant,<br>T.D. Servicing Company |

MARK V. ASDOURIAN, ESQ.
Attorney & Counsellor At Law
A Professional Corporation
4695 MacArthur Court, Suite 300
Newport Beach, California 92660
Telephone: 949.221.0020
Facsimile: 949.221.0019

**7**

**CASE NO. 08CV1157 BEN NLS**